### R. C. STORRIE V. ANNIE MARSHALL ET AL.

### No. 414.

**Costs of Appeal—Issuance of Mandate—Pauper's Affidavit.**

Where plaintiffs prosecuted their suit in the trial court upon a pauper's affidavit in lieu of a cost bond, and on appeal by defendant the judgment below was reversed and remanded, with costs of the appeal adjudged against appellees (plaintiffs), they are not entitled upon filing in the Appellate Court an affidavit of inability to pay the costs of appeal, to have mandate issued without payment of costs. Following Railway v. Turner, 31 S. W. Rep., 518.

APPEAL from Dallas. Tried below before Hon. R. E. BURKE.

*M. L. Dye,* for motion.

#### ON MOTION FOR MANDATE, WITHOUT PAYMENT OF COSTS.

FINLEY, ASSOCIATE JUSTICE.—During the last term of this court the above cause was reversed and remanded, and the costs of the appeal adjudged against appellees. Appellees now present to this court a motion for an order directing the clerk of this court to issue a mandate, without first paying the costs of appeal. The grounds upon which the motion is based are, that the case was prosecuted in the court below by appellees upon a pauper's affidavit in lieu of cost bond, and further, an affidavit filed here alleging the inability of appellees to pay the costs of appeal.

We have carefully examined the question presented by this motion, and a majority of the court have reached the conclusion that our statutes do not contemplate the issuance of the mandate from this court by its clerk without the payment of the costs of appeal first being made. In the case of I. & G. N. Ry. v. Turner, 31 S. W. Rep., 518, Chief Justice Garrett, of the First District, delivered an opinion upon this question, which clearly expresses our view of the law. The statutes and decisions bearing upon the question are quoted, and discussed in the opinion in a manner satisfactory to us.

In a similar case to the one now presented, we granted a motion and ordered the clerk to issue the mandate. Upon a more thorough investi-

gation of the question, we have concluded that the law does not justify us in adhering to that practice.   The law seems to be mandatory, requiring the clerk to refrain from issuing the mandate until the costs of appeal are paid, and leaves no discretion with the clerk of the court in the premises.

The motion to compel the issuance of the mandate is, therefore, refused.

*Refused.*